**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

LAURIE THOMAS, et al.,

                                    Plaintiffs,

            v.                                          Lead Case:
                                                        No. 1:21-CV-133[1]
                                                        (DNH/CFH)

BEECH-NUT NUTRITION COMPANY,

                                    Defendant.[2]

_____

**APPEARANCES:**                          **OF COUNSEL:**

Gustafson Gluek PLLC                      DANIEL E. GUSTAFSON, ESQ.
Canadian Pacific Plaza
120 South Sixth Street, Ste. 2600
Minneapolis, Minnesota 55402
Attorneys for plaintiffs[3]

Taus, Cebluash Law Firm                   KEVIN LANDAU, ESQ.
80 Maiden Lane, Ste. 1204
New York, New York 10038
Attorneys for plaintiffs

Zigler Law Group, LLC                     AARON M. ZIGLER, ESQ.
308 S. Jefferson Street, Ste. 333
Chicago, Illinois 60661
Attorneys for plaintiffs

Wexler Boley & Elgersma LLP               KARA A. ELGERSMA, ESQ.
55 W. Monroe Street, Ste. 3300

_____

[1] Member cases: 1:21-CV-167 (DNH/CFH), 1:21-CV-183 (DNH/CFH), 1:21-CV-186 (DNH/CFH), 1:21-CV-200 (DNH/CFH), 1:21-CV-213 (DNH/CFH), 1:21-CV-229 (DNH/CFH), 1:21-CV-227 (DNH/CFH), 1:21-CV-258 (DNH/CFH), 1:21-CV-229 ((DNH/CFH),1:21-CV-227 (DNH/CFH),1:21-CV-258 (DNH/CFH),1:21-CV-271, (DNH/CFH),1:21-CV-285, (DNH/CFH), 1:21-CV-334 (DNH/CFH), 1:21-CV-511 ((DNH/CFH),1:21-CV-483 (DNH/CFH), 1:21-CV-756  (DNH/CFH), 1:21-CV-789 (DNH/CFH), 1:21-CV-822 (DNH/CFH), 1:21-CV-283 (DNH/CFH), 1:21-CV-815 (DNH/CFH), 1:21-CV-722 (DNH/CFH), 1:21-CV-887
[2]  Due to the sheer number of cases involved in this consolidated action, the Court lists only the caption for the lead case here.
[3] Given the significant number of plaintiffs and law firms who have appeared, the Court does not list the specific plaintiffs each firm represents in the caption.

Chicago, Illinois 60603
Attorneys for plaintiffs

Scott & Scott, Attorneys at Law, LLP          ERIN GREEN COMITE, ESQ.
156 South Main Street
P.O. Box 192
Colchester, Connecticut 06515
Attorneys for plaintiffs

Silver Golub & Teitell LLP                    STEVEN L. BLOCH, ESQ.
One Landmark Sq., 15th Floor                  IAN WISE SLOSS, ESQ.
Stamford, Connecticut 06901
Attorneys for plaintiffs

Faruqi, Faruqi Law Firm                       INESSA MELAMED HUOT, ESQ.
685 Third Avenue, 26th Floor
New York, New York 10017
Attorneys for plaintiffs

Tycko & Zavareei LLP                          JONATHAN K. TYCKO, ESQ.
1828 L Street N.W., Ste. 1000
Washington, DC 20036
Attorneys for plaintiffs

Barrack, Rodos & Bacine                       JEFFREY A. BARRACK, ESQ.
330 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Attorneys for plaintiffs

Calcaterra Pollack LLP                        MICHAEL LISKOW, ESQ.
1140 Avenue of the Americas, 9th Floor
New York, New York 10036-5803
Attorneys for plaintiffs

George Gesten McDonald PLLC                   LORI G. FELDMAN, ESQ.
102 Half Moon Bay Drive
Croton on Hudson, New York 10520
Attorneys for plaintiffs

Pearson Simon & Warshaw, LLP                  MELISSA S. WEINER, ESQ.
800 LaSalle Ave., Ste 2150
Minneapolis, Minnesota 2150
Attorneys for plaintiffs

Kirwan Law Firm, PC                           TERRY J. KIRWIN, JR., ESQ.

AXA Tower 1, 15th Floor
100 Madison Street
Syracuse, New York 13202
Attorneys for plaintiffs

Lockridge Grindal Nauen PLLP                    KRISTA K. FREIER, ESQ.
100 Washington Ave. S., Ste. 2200
Minneapolis, Minnesota 55401
Attorneys for plaintiffs

Cuneo Gilbert & LaDuca, LLP                     CHARLES J. LADUCA, ESQ.
4725 Wisconsin Avenue, NW, Ste. 200
Washington, DC 20016
Attorneys for plaintiffs

The Sultzer Law Group                           MINDY DOLGOFF, ESQ.
270 Madison Avenue, Ste. 1800
New York, New York 10016
Attorneys for plaintiffs

Levin, Fishbein Law Firm                        CHARLES E. SCHAFFER, ESQ.
510 Walnut Street, Ste. 500
Philadelphia, Pennsylvania
Attorneys for plaintiffs

Mason Lietz & Klinger LLP                       GARY E. MASON, ESQ.
5101 Wisconsin Avenue, NW, Ste. 305
Washington, DC 20016
Attorneys for plaintiffs

Goldenberg Schneider LPA                        JEFFREY S. GOLDENBERG, ESQ.
4445 Lake Forest Drive, Ste. 490
Cincinnati, Ohio 45242
Attorneys for plaintiffs

Milberg                                         DAVID LEITZ, ESQ.
5335 Wisconsin Avenue NW, Ste. 440
Washington, DC 20015
Attorneys for plaintiffs

Edelson Lechtzin LLP                            MARC EDELSON, ESQ.
3 Terry Drive, Ste. 205
Newtown, Pennsylvania 18940
Attorneys for plaintiffs

Saltz, Mongeluzzi, Barrett & Bendesky, P.C.     PATRICK HOWARD, ESQ.

1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania 19103
Attorneys for plaintiffs

Grabar Law Office                                    JOSHUA H. GRABAR, ESQ.
One Liberty Place, Ste. 3600
1650 Market Street
Philadelphia, Pennsylvania 19103
Attorneys for plaintiffs

Lynch Carpenter, LLP                                 GARY F. LYNCH, ESQ.
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Attorneys for plaintiffs

Leeds Brown Law, P.C.                                JEFFREY K. BROWN, ESQ.
One Old Country Road, Ste. 347
Carle Place, New York 11514
Attorneys for plaintiffs

Anastopoulo Law Firm                                 ROY T. WILEY, IV, ESQ
32 Ann Street
Charleston, South Carolina 29403
Attorneys for plaintiffs

Fegan Scott LLC                                      ELIZABETH FEGAN, ESQ.
150 S. Wacker Drive., Ste. 24th Floor
Chicago, Illinois 60606
Attorneys for plaintiffs

The Wright Law Office, P.A.                          WILL WRIGHT, ESQ.
515 N. Flagler, Ste. P-300
West Palm Beach, Florida 33401
Attorneys for plaintiffs

O'Connell & Aronowitz, P.C.                          CHAD A. JEROME, ESQ.
54 State Street, 9th Floor
Albany, New York 12207
Attorneys for plaintiffs

Levi & Korinsky, LLP                                 MARK S. REICH, ESQ.
55 Broadway, 10th Floor
New York, New York 10006
Attorneys for plaintiffs

Kohn, Swift & Graf, P.C.                             DOUGLAS A. ABRAHAMS, ESQ.

4

1600 Market Street, Ste. 2500
Philadelphia, Pennsylvania 19103
Attorneys for plaintiffs

Roberts Law Firm US, PC                      MIKE ROBERTS, ESQ.
20 Rahling Circle
Little Rock, Arkansas 72223
Attorneys for plaintiffs

Pollock Cohen LLP                            CHRISTOPHER LONG, ESQ.
60 Broad Street, 24th Floor
New York, New York 10004
Attorneys for plaintiffs

E. Stewart Jones Hacker Murphy, LLP          JAMES E. HACKER, ESQ.
28 Second Street, Ste. 203
Troy, New York 12180
Attorneys for plaintiffs

Gibbs Law Group                              MARK H. TROUTMAN, ESQ.
505 14th Street, Ste. 1110
Oakland, California 94612
Attorneys for plaintiffs

King & Spalding                              LIVIA M. KISER, ESQ.
110 N. Wacker Drive
Suite 3800
Chicago, Illinois 60606
Attorneys for defendant


**CHRISTIAN F. HUMMEL**
**UNITED STATES MAGISTRATE JUDGE**

**MEMORANDUM-DECISION & ORDER**

The plaintiffs in these twenty-one consolidated[4] actions, each acting on behalf of

a putative class, have asserted various claims against defendant Beech-Nut Nutrition

Company, relating to the alleged failure to fully disclose, or intentional

misrepresentation, of the presence of heavy metals, perchlorate, or other ingredients in

---

4   On March 19, 2021, parties stipulated to consolidate the cases, with the action in 1:21-CV-133 being
made the lead case.  See Dkt. No. 55.

baby food products defendant marketed, advertised, and sold throughout the United States, including within the Northern District of New York. <u>See</u> <u>generally</u> Dkt. No. 1 ("Compl."). Presently before the Court are five motions to have the Court appoint interim lead class counsel. <u>See</u> Dkt. Nos. 112, 113, 114, 115, 118.

Document Number 112, filed by the Andrews plaintiffs, proposes Gibbs Law Group and Labaton Sucharow as interim co-lead class counsel, E. Stewart Jones Hacker Murphy as interim liaison counsel, and Pollock Cohen as interim counsel. <u>See</u> Dkt. No. 112-5. The "Nationwide plaintiffs"[5] opposed the motion. <u>See</u> Dkt. Nos. 136-137. The Andrews plaintiffs submitted further support for their motion. <u>See</u> Dkt. No. 138, 143.

Document Number 113, filed by the Thomas plaintiffs, seek appointment of Catherine Sun-Yun Smith, of Gustafson Gluek PLLC, and Rebecca A. Peterson, of Lockridge Grindal Nauen, PLLP, as proposed interim co-lead counsel and for the appointment of an executive committee. <u>See</u> Dkt. No. 113-1. The Thomas movants submitted further papers in support of their motion. <u>See</u> Dkt. No. 136-137. The Nationwide plaintiffs opposed the motion. <u>See</u> Dkt. No. 137. On January 19, 2022, the Thomas plaintiffs filed a letter motion requesting permission to file supplemental authority in support of their motion. <u>See</u> Dkt. No. 151. The Nationwide plaintiffs (dkt. no. 159), Orsak plaintiffs (dkt. no.. 161), the Andrews Team (dkt. no. 162), PRG Group (dkt. no. 164), and defendant (dkt. no. 163) responded to the Thomas plaintiffs' letter motion.

---

[5]   The Nationwide Plaintiffs group is Scott+Scott; Silver Golub & Teitell, LLP; Faruqi & Faruqi; Fegan Scott LLC; and Zigler Law Group, LLC. Dkt. No. 137 at 4 n.3.

Document Number 114, filed by the Orsak plaintiffs, seeks appointment of Levi & Korinsky, LLP and O'Connell and Aronowitz, P.C. as Interim Co-Lead Class Counsel. See Dkt. No. 114-4.  The "Nationwide plaintiffs" opposed the motion.  Dkt. No. 137.  The Orsak plaintiffs submitted further support of their motion.  See Dkt. No. 141.

Document Numbers 115-117, filed by the "Nationwide Plaintiffs," seek the appointment of Erin Green Comite, of Scott+Scott Attorneys at Law, LLP, and Steve L. Block, of Silver Golub & Teitell, LLP, as co-lead counsel, and for the appointment of a plaintiffs' steering committee consisting of attorneys from Faruqi & Faruqi, LLP; Fegan Scott, LLC; and Ziegler Law Group, LLC.  See Dkt. No. 115-1.

Document Number 118, filed by the "PRG Group,"[6] seeks appointment of James R. Peluso of Dreyer Boyajian LLP, Michael R. Reese of Reese LLP, Gayle M. Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield LLP as Interim Co-Lead Counsel, and Jason P. Sultzer of Sultzer Law Group P.C., Charles E. Schaffer of Levin Sedran & Berman LLP, Roy T. Willey IV of Anastopoulo Law Firm, and Melissa Weiner of Pearson, Simon & Warshaw, LLP, as Interim Executive Committee Members.  See Dkt. No. 118-1.  The PRB group filed further support for its motion.  See Dkt. No. 142.

On July 22, 2021, the Thomas plaintiffs, along with plaintiffs Laura Peek, Najah Henry, Chanel Jackson, Alexis Dias, Holly Buffinton, Constance Venable, Robyn Moore, Gabrielle Stuve, Lee Boyd, Teresa Wilson, Ryan Sanders, Susan Canada, Tabatha Sidi, Tiffanie Skibicki, Heather Age, Jolina Manley, Jessica David, and Cassandra Martell, moved for appointment of Catherine Sun-Yun Smith and Rebecca A. Peterson and interim lead counsel and "for the appointment of an executive committee of this

---

[6] The Douglas movants refer to their proposed lead interim counsel as the PRB Group.  See Dkt. No. 118-1 at 4 n.1.

consolidated class action . . . as well as any later filed actions subsequently consolidated with the Consolidated Action, pursuant to [Fed. R. Civ. P.] 23(g)."  Dkt. No. 113-1 at 5.

## I.  Background

On February 25, 2021, plaintiffs Laurie Thomas, Alison Kavulak, Jen MacLeod, Mary Narvaez, Alison Fleissner, Emily Bigaouette, Laura Eggnatz, Teresa Hagmaier, and Nicole Fallon ("Thomas plaintiffs"), by their attorneys Gustafson Gluek PLLC and Taus, Cebulash & Landau, LLP, filed the first lawsuit in this district on behalf of themselves and all others similarly situated.  See Dkt. No. 1 ("Compl.").[7]  The Thomas plaintiffs seek injunctive and monetary relief on behalf of the proposed class and subclasses, including "(i) requiring full disclosure of all such substances and ingredients in Defendant's marketing, advertising, and labeling; (ii) requiring testing of all ingredients and final products for such substances; and (iii) restoring monies to the members of the proposed Class."  Compl. at 1-2.  Plaintiffs premise jurisdiction over the action upon the Class Action Fairness Act ("CAFA") 29 U.S.C. § 1332(d)(2).  See Compl. at 4.

On February 11, 2021, plaintiff Laura Peek commenced an action on behalf of herself and others similarly situated against defendant through her counsel Cuneo, Gilbert & LaDuca, LLP, and Lockridge Grindal Nauen, PLLP.  See 1:21-CV-167, Dkt. No. 1.  On February 16, 2021, plaintiffs Robyn Moore and Gabrielle Stuve commenced an action on behalf of themselves and others similarly situated by their counsel

---

[7]  Unless otherwise noted, within this Memorandum-Decision & Order, citations to page numbers are to the pagination generated by the Court's electronic filing system, CM/ECF, located at the header of each page, and not to the pagination of the individual documents.

Cacaterra Pollack and George Gesten McDonald PLLC.  <u>See</u> 1:21-CV-183, Dkt. No. 1.
On February 18, 2021, plaintiff Mattia Doyle commenced an action on behalf of himself
and others similarly situated by his counsel Tycko & Zavareei, LLP. <u>See</u> 1:21-CV-186,
Dkt. No. 1.  On February 22, 2021, plaintiff Lee Boyd commenced an action on behalf of
themselves and others similarly situated by their counsel Kirwan Law Firm, PC. <u>See</u>
1:21-CV-200, Dkt. No. 1.  On February 24, 2021, plaintiffs Jeremy Cantor, Ashley Allen,
Dominick Grossi, Anthony Harrison, Heather Hyden, Haley Sams, Vito Scarola, Emily
Baccari, Neisha Daniels, Heather McCormick, Jillian Geffken, Christina Holland,
Hannah Grandt, and Amber Caudill commenced an action on behalf of themselves and
others similarly situated by their counsel Scott & Scott, LLP, Faruqi, Faruqi Law Firm;
Beger & Montague, P.C.; and Silver Golyb & Teitell LLP.  <u>See</u> 1:21-CV-213, Dkt. No. 1.
On February 26, 2021, plaintiff Kathey Henry commenced an action on behalf of herself
and others similarly situated by her counsel Mason Lietz & Klinger LLP, Fishbein Law
Firm, and Goldenberg Schneider LPA.  <u>See</u> 1:21-CV-227, Dkt. No. 1.  Also on February
26, 2021, plaintiff Michael Motherway commenced an action on behalf of himself and
others similarly situated by his counsel Dreyer Boyajian LLP, The Sultzer Law Group,
and Reese LLP.  <u>See</u> 1:21-CV-229, Dkt. No. 1.

On March 4, 2021, plaintiff Kelsey Gancarz commenced an action on behalf of
herself and others similarly situated by her counsel Sheehan & Associates, P.C. <u>See</u>
1:21-CV-258, Dkt. No. 1.  On March 9, 2021, plaintiff Atahsia Smiley commenced an
action on behalf of themselves and others similarly situated by their counsel Kantrowitz,
Goldhammer & Graifman, P.C. <u>See</u> 1:21-CV-271, Dkt. No. 1.  On March 11, 2021,
plaintiffs Najah Henry, Chanel Jackson, Alexis Dias, Holly Buffinton, and Constance

Venable commenced an action on behalf of themselves and others similarly situated by their counsel Garbar Law Office, Taus, Cebulas Law Firm, Gustafson Gluek PLLC, Wexler Boley & Elgersma LLP, Edelson Lechtzin LLP, and Saltz, Mongeluzzi, Barrett & Bendesky, P.C.  See 1:21-CV-285, Dkt. No. 1.  On March 24, 2021, plaintiffs Teresa Wilson, Ryan Sanders, Susan Canada, Tabatha Sidi, Tiffanie Skibicki, Heather Age, Jolina Manley, Jessica David, and Cassandra Martell commenced an action on behalf of themselves and others similarly situated through their counsel Leeds Brown Law, P.C. and Lynch Carpenter, LLP.  See 1:21-CV-334, Dkt. No. 1. On May 4, 2021, plaintiff Mieshia Douglas commenced an action on behalf of herself and others similarly situated by her counsel Anastopoulo Law Firm. See 1:21-CV-511, Dkt. No. 1.  On March 3, 2021,[8] plaintiff commenced an action on behalf of herself and others similarly situated by counsel Scott & Scott, LLP and The Wright Law Office, P.A. See 1:21-CV-483, Dkt. No. 1.  On March 11, 2021, plaintiff Ana Lynette Gregory Eldridge commenced an action on behalf of herself and others similarly situated by counsel Fegan Scott LLC. See 1:21-CV-283, Dkt. No. 1.  On July 1, 2021, plaintiff Marie Mezile commenced an action on behalf of herself and others similarly situated by her counsel Dreyer Boyajian LLP.  1:21-CV-756, Dkt. No. 1.  On July 10, 20201, plaintiffs Alyssa Rose Myjorie Philippe, Melissa Sisk, and Vanessa Inoa commenced an action on behalf of themselves and others similarly situated by counsel E. Stewart Jones Hacker Murphy, LLP.  See 1:21-CV-789, Dkt. No. 1.  On July 16, 2021, plaintiff Asyia Andrews commenced an action on behalf of herself and others similarly situated by counsel E. Stewart Jones Hacker Murphy, LLP. See 1:21-CV-815, Dkt. No. 1.  On July 19, 2021,

---

[8]  This action was commenced in the Middle District of Florida and was transferred to this district by stipulation on April 15, 2021.  1:21-CV-483, Dkt. No. 18.

plaintiffs Rebecca Abbott and 142 other plaintiffs commenced an action on behalf of themselves and other similarly situated by counsel Scott & Scott, LLP.  See 1:21-CV-822, Dkt. No. 1.  On August 6, 2021, plaintiff Carrie Ashbourne and twenty four other plaintiffs commenced an action on behalf of themselves and others similarly situated by counsel Dann Law Firm and Zimmerman Law Offices, P.C. See 1:21-CV-887, Dkt. No. 1.  On March 16, 2021, parties[9] filed a stipulation to consolidate. See Dkt. Nos. 54, 55.

## II.  Legal Standard

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(g)(3) provides, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  "Because representation of a putative class prior to the filing of a motion for class certification is sometimes necessary, Rule 23(g)(3) permits a court to appoint interim class counsel." Anderson v. Fiserv, Inc., 09 CIV. 8397 (BSJFM), 2010 WL 571812 at *2 (S.D.N.Y. Jan. 29, 2010).  Rule 23(g)(4) provides that "[c]lass counsel must fairly and adequately represent the interests of the class."  FED. R. CIV. P. 23(g)(4).  Specifically, the Court "must" consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A).  The Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  FED. R.

---

[9] Defendant and the plaintiffs involved in the following cases stipulated to consolidation of the actions: 1:21-CV-133, 1:21-CV-167, 1:21-CV-183, 1:21-CV-186, 1:21-CV-200, 1:21-CV-213, and 1:21-CV-229.

CIV. P. 23(g)(2); see also id. § 23(g)(3) ("The Court may designate interim counsel to act

on behalf of a putative class before determining whether to certify the action as a class

action.").  As this Court has clearly set forth,

> When considering the appointment of interim class counsel, this Court
> considers the same factors that a court appointing lead counsel for a
> certified class must consider, including the candidates' qualifications and
> competence, their ability to fairly represent diverse interests, and their
> ability 'to command the respect of their colleagues and work cooperatively
> with opposing counsel and the court. Manual for Complex Litigation §
> 10.224 (4th ed. 2004); FED. R. CIV. P. 23(g)(1)(A).  The Court should also
> examine anything else that is 'pertinent to counsel's ability to fairly and
> adequately represent the interests of the class,' FED. R. CIV. P. 23(g)(1)(B),
> including "(1) the quality of the pleadings; (2) the vigorousness of the
> prosecution of the lawsuits; and (3) the capabilities of counsel." In re
> Comverse Tech, Inc. Derivative Litig., 2006 WL 3762986, at *2-3
> (E.D.N.Y. Sept. 22, 2006).  Ultimately, the court's task in deciding these
> motions is "to protect the interests of the plaintiffs, not their lawyers."  In re
> Parking Heaters Mem. Antitrust Litig., 310 F.R.D. 54, 57 (E.D.N.Y. Feb.
> 24, 2006)).

Baker v. Saint-Gobain Performance Plastics Corp., 1:16-CV-0220 (LEK/DJS), 1:16-CV-

0292 (LEK/DJS), 1:16-CV-0394 (LEK/DJS), 1:16-CV-0476 (LEK/DJS), 2016 WL

4028974, at *4 (N.D.N.Y. July 27, 2016).  "The Court must appoint the 'applicant best

able to represent the interests of the class.'"  Fero v. Excellus Health Plan, Inc., No.

6:15-CV-6569 EAW, 2016 WL 297742, at *2 (W.D.N.Y. Jan. 25, 2016) (quoting In re

Bank of Am. Corp. Sec., Derivative & ERISA Litig., 258 F.R.D. 260, 272 (S.D.N.Y. 2009)

and Fed. R. Civ. P. 23(g)(2) (additional internal quotation marks omitted)); In re Am.

Exp. Anti-Steering Rules Antitrust Litig., No. 11-MD-2221 (NGG/RER), 2015 WL

4645240, at *12 (E.D.N.Y. Aug. 4, 2015) ("Because class counsel seeks to determine

the rights of absent putative class members, 'a court must carefully scrutinize the

adequacy of representation' when considering whether to certify a class.") (quoting

Kingsepp v. Wesleyan Univ., 142 F.R.D. 597, 599 (S.D.N.Y. 1992) (additional citation omitted)).

## IV.  Discussion

After carefully reviewing the competing motions, the Court is confident that the attorneys and law firms involved are all highly qualified, experienced, professional, and well-regarded in their fields.  Although some firms have brought their suits earlier than others, all of the applicants have demonstrated that they have undergone significant efforts to identify and investigate the claims in these cases, and all have members who are experienced with complex litigation and class actions.  See generally In re SSA Bonds Antitrust Litig., 16 Civ. 3711 (ER), 2016 WL 7439365, at *2 (S.D.N.Y. Dec. 22, 2016).  Selection of any of these options would result in a team that would zealously advocate for the potential class of plaintiffs.  Indeed, "the Court is faced with a series of good alternatives."  Baker, 2016 WL 4028974, at *4.  Ultimately, however, the Court must choose interim class counsel best able to represent the interests of the potential class.

After careful deliberation, the Court grants in part the motion of the "Nationwide plaintiffs," insofar as the Court appoints Erin Green Comite of Scott+ Scott, and Steven L. Bloch of Silver Golub & Teitell LLP as co-lead interim counsel.  At over 140 plaintiffs, the Nationwide plaintiffs have, by far, the largest number of plaintiffs of any of the movants.[10]  Although not determinative, the choice of counsel of the majority of plaintiffs

---

[10]  Although the Thomas plaintiffs were the first-filed complaint in this Court (along with the second, third, and fifth filed), the Court does not find this dispositive nor sufficiently compelling to outweigh the merits of the Nationwide plaintiffs' proposal.  See Dkt. Nos. 113-1, 115.

is entitled to weight.  See Deangelis v. Corzine, 286 F.R.D. 220, 225 (S.D.N.Y. 2012)
(citing In re Rail Freight Fuel Surcharge Antitrust Litig., MDL No. 1869, 2008 WL
1883447, at *2 (D.D.C. Apr. 28, 2008) (In observing that a large number of plaintiffs
agreed to the proposed interim counsel structure and adopting that proposal, the Court
noted that it that "gives some weight to plaintiffs' 'self selection' of class counsel").

The Nationwide plaintiffs' proposed co-lead interim counsel are attorneys
experienced with complex litigation and class litigation who have had demonstrated
success through many large settlements for their clients.  See Dkt. No. 116 at 11-12.  Of
significance is that much of this litigation involves actions relating to food or product
mislabeling or advertising.  See id. at 9-14.  Further, the Court finds that the co-lead
interim counsel has demonstrated that they have already taken significant efforts in
proceeding with this litigation by engaging in significant investigative work, including
commissioning independent laboratory testing and engaging in significant research.
See Dkt. No. 116 at 8.

Also weighing heavily in the Court's determination is the quality of the papers
submitted.  The Nationwide plaintiffs' motion, which Ms. Comite drafted, is well-
researched and thorough, suggesting to the Court that similar, high-quality briefing will
follow.  See generally Dkt. No. 116.  The Court notes that co-lead counsel's
demonstrated professionalism in prior cases, which judges have acknowledged, also
weighs heavily in the Court's choice.  See id. at 10.  The Court believes that counsel will
similarly demonstrate the highest level of professionalism in this action.

The Court is also convinced that the proposed co-lead interim counsel has set
forth a well-organized plan for handling the great responsibilities of this litigation, one

that will work even with the Court's changes to their proposed leadership structure, discussed below.  See Dkt. No. 115-1 at 2-3.  Finally, the Court is confident, based on the presentation made, that the proposed co-lead interim counsel for the Nationwide plaintiffs has the financial resources necessary to litigate this action, as well as the benefit and additional resource of the experienced attorneys in their many offices. See Dkt. No. 116 at 11-13,19.

The Court, however, denies the Nationwide plaintiffs' application insofar as they seek appointment of a plaintiffs' steering committee.  See generally Dkt. No. 1116. "Committees of counsel often 'compet[e against] considerations of efficiency and economy,' however, and 'can lead to substantially increased costs and unnecessary duplication of efforts.'" In re Warner Music Grp. Data Breach, No. 20 CIV. 7473 (PGG), 2021 WL 725728, at *3 (S.D.N.Y. Feb. 22, 2021) (quoting In re Crude Oil Commodity Futures Litig., No. 11 CIV. 3600 WHP, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012)).  "Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making."  Id. (quoting In re Crude Oil Commodity Futures Litig., 2012 WL 569195, at *2). Here, there the Nationwide plaintiffs do not contend that group members' interests or positions are dissimilar or otherwise conflicting.  Although the attorneys proposed for the steering committee are no doubt skilled, hoping to avoid a "too many cooks in the kitchen" scenario, the Court finds such a committee unnecessary at this time.  However, the Court is confident that the members of selected leadership structure will work with all of the attorneys involved in this consolidated action in order to benefit from their experience and wisdom.

Missing from the Nationwide plaintiffs' application is the inclusion of local counsel, something the Court finds of great significance in consideration an arrangement of lead counsel that would best meet the needs of the potential class.  See Fero, 2016 WL 297742, at *3 (W.D.N.Y. Jan. 25, 2016) (choosing a proposal with "significant involvement from a local law firm, which the Court believes is important to effectively represent the class.").  Given that defendant's headquarters appears located within Montgomery County, New York, having counsel within a reasonable distance and within this District will serve this litigation well and allow it to proceed most efficiently throughout the discovery process and beyond.  Therefore, the Court appoints E. Stewart Jones Hacker Murphy, LLP as interim liaison counsel.  Although E. Stewart Jones Hacker Murphy, LLP is not a part of the Nationwide plaintiffs' proposal, the Court finds such an alteration necessary due to the importance of involving local counsel in the leadership structure.  E. Stewart Jones Hacker Murphy, LLP, has demonstrated its experience in handling complex cases and its attorneys have a high and unblemished reputation in their practice before this Court and in the region.  See In re Am. Exp. Anti-Steering Rules Antitrust Litig., No. 11-MD-2221 NGG RER, 2015 WL 4645240, at *12 (E.D.N.Y. Aug. 4, 2015) (quoting Friedman–Katz v. Lindt & Sprungli (USA). Inc., 270 F.R.D. 150, 160 (S.D.N.Y. 2010) (additional citation omitted)) ("In determining whether proposed class counsel is adequate, 'the Court may consider the honesty and integrity of the putative class counsels, as they will stand in a fiduciary relationship with the class.'").  The Court believes the attorneys of E. Stewart Jones Hacker Murphy, LLP will work cooperatively with the co-lead interim counsel and all other attorneys involved.

Accordingly, E. Stewart Jones Hacker Murphy, LLP is appointed as interim liaison counsel.

## V.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that the Nationwide plaintiffs' "Motion for Appointment of Co-Lead Counsel and for Appointment of a Plaintiffs' Steering Committed Pursuant to Fed. R. Civ. [P] 23(g)", Dkt. No. 115, is **GRANTED IN PART**, insofar as the Court appoints Erin Green Comite of Scott + Scott, and Steven L. Block of Silver Golub & Teitell LLP, as Co-Lead Interim Counsel, and the motion is **otherwise DENIED**; and it is further

**ORDERED**, that the Andrews plaintiffs' Motion to Appoint Lead Counsel, Dkt. No. 112, is **GRANTED IN PART** to the limited extent that E. Stewart Jones Hacker Murphy, LLP, is appointed as Interim Liaison Counsel, and the motion is **otherwise DENIED**; and it is further

**ORDERED**, that the Thomas plaintiffs' Letter motion seeking permission to submit supplemental authority, Dkt. No. 151, is **GRANTED** insofar as the Court has considered the submission in making its determination; and it is further

**ORDERED**, that the motions filed by the Thomas Plaintiffs, Dkt. No. 113; Orsak Plaintiffs, dkt. no. 114, and PRB Group, dkt. no. 118 are **DENIED**.

Dated: March 21, 2022
Albany, New York

Christian F. Hummel

Christian F. Hummel
U.S. Magistrate Judge