# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

# **JUDGMENT IN A CIVIL CASE**

**Laurie Thomas, Alison Kavulak, Jen MacLeod, Mary Narvaez, Alison Fleissner, Emily Bigaouette, Laura Eggnatz, Teresa Hagmaier, Nicole Fallon, Jordan White, Robert Partello, Erin Abdoo, Bridget Salopek, Olivia Boyer, Rebecca George, Corinthea Pangelinan, Elizabeth Austin, Stephanie Norgaard, Amanda Schram, LaToya McHenry, Erica Douglas, Tabitha Latteyer, Morgan Engebretsen, Kali McGlinch, Amanda Rogers, Maurice Peterson, Sheila Curry, Katherine McGibney, Natalie Francois, Heather Malaga, Tamaya Stevenson, Liza Sike, Karleen Kozaczka, Mayelin Carranza, Ana Butkus, Monique Warren, Celia Bruno, Samantha Clark, Elizabeth McDowell, Jill Hayden, Brandi Slabinski, Kelsey Blankenship, Sammi Hobdy, Lisa Fisher, Porsche Stokes, Melanie Cole, Kinder Smith, Loukevia Moore, Xena Almquist, Nathan Edwards, Shaylan Isaacs, Albachiara Farci, Amber Wright, Christen Zulli, Krishna Patel, Derrick Carr, Malik Hockaday, Ashley Yates, Charita Harrell, Brittany Wallace, Andrew Lohse, Adrianne Cooper, Alyssa Megan Barb, Rebecca Abbott, Christina Mitchell, Brittney Moyer, Amanda Holmes, Amanda Boots, Dillon Townzen, Natalie Williams,**

Plaintiff(s)

    vs.                          **LEAD CASE NUMBER: 1:21-cv-133 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Laura Peek**

Plaintiff(s)

    vs.                          **MEMBER CASE NUMBER: 1:21-cv-167 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Robyn Moore, Gabrielle Stuve,**

Plaintiff(s)

    vs.                          **MEMBER CASE NUMBER: 1:21-cv-183 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Mattia Doyle,**

Plaintiff(s)

    vs.                                  **MEMBER CASE NUMBER: 1:21-cv-186 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Lee Boyd,**

Plaintiff(s)

    vs.                                    **MEMBER CASE NUMBER: 1:21-cv-200 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Jeremy Cantor, Ashley Allen, Dominick Grossi, Anthony Harrison, Heather Hyden, Haley Sams, Vito Scarola, Emily Baccari, Neisha Daniels, Heather McCormick, Jillian Geffken, Kaitlynn Carson, Christina Allgood/ Christina Holland, Hannah Grandt, Amber Caudill,**

Plaintiff(s)

    vs.                                    **MEMBER CASE NUMBER: 1:21-cv-213 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Michael Motherway,**

Plaintiff(s)

    vs.                                    **MEMBER CASE NUMBER: 1:21-cv-213 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Kathey Henry,**

Plaintiff(s)

     vs.                            **MEMBER CASE NUMBER: 1:21-cv-227 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Kelsey Gancarz,**

Plaintiff(s)

     vs.                            **MEMBER CASE NUMBER: 1:21-cv-258 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Atahsia Smiley,**

Plaintiff(s)

     vs.                            **MEMBER CASE NUMBER: 1:21-cv-271 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Najah A. Henry, Chanel J. Jackson, Alexis Dias, Holly Buffinton, Constance Venable,**

Plaintiff(s)

     vs.                            **MEMBER CASE NUMBER: 1:21-cv-285 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Teresa Wilson, Ryan Sanders, Susan Canada, Tabatha Sidi, Tiffanie Skibicki, Heather Age, Jolina Manley, Jessica David, Cassandra Martell,**

Plaintiff(s)

  vs.         **MEMBER CASE NUMBER: 1:21-cv-334 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Mieshia Douglas,**

Plaintiff(s)

  vs.         **MEMBER CASE NUMBER: 1:21-cv-511 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Jessica Loggins,**

Plaintiff(s)

  vs.         **MEMBER CASE NUMBER: 1:21-cv-483 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Marie Mezile**

Plaintiff(s)

  vs.         **MEMBER CASE NUMBER: 1:21-cv-756 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Alyssa Rose, Myjorie Philippe, Melissa Sisk, Vanessa Inoa,**

Plaintiff(s)

        vs.                           **MEMBER CASE NUMBER: 1:21-cv-789 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Rebecca Abbott, Erin Abdoo, Krystal Leigh Anderson, Angela Arrowsmith, Megan Ashley, Elizabeth Austin, Alyssa Megan Barb, Miriah Barbero, Lindsay Barr, Grisel Barreto, Courtney Barron, Ashley Baxter, Brittany Bennett, Julie Blakeley, Kelsey Blankenship, Melissa Bloomquist-Smith, Cristen Boles, Amanda Boots, Olivia Boyer, Amanda Bratton, Crystal Brinig, Augustina Briones, Nicole Brisky, Cheyenne Browning, Celia Bruno, Ana Butkus, Serenitey Carlin, Serenitey Carlin, Anna Chase, Sheral Shah Chheda, Samantha Clark, Victoria Coker, Melanie Cole, Jen Comeau, Kimberly Conway, Adrianne Cooper, Michelle Corbett, Angela Cox, Elaine Cryer, Kaley Deford, Chelzy Desvigne, Brittany Distaso, Alycia Donovan, Alana Doyeto, Jessica Durrett, Sudipta Dutta, Natalya Dzyuba, Samantha Edwards, Amanda Fincannon, Theresa Marie Fintonis, Ayame Tatiana Galassini, Marcela Garcia, Angela Gardner, Carissa Geloso, Shelby Geraci, Arundeep Kanwar Guraya, Charita Harrell, Gabrielle Harrison, Debbie Hawkins, Shannon Herrington, Amanda Hobbs-Rogers, Sammi Hobdy, Shaylan Isaacs, Jasmine Jackson, Yuhwa Jang, Olivia Johnson, Rebecca N. Keeton, Heather A. Key, Sara Kilburn, Sarah Knaapen, Rachel Knudson, Sarah Kohn, Karleen Kozaczka, Rachael Kruup, Deana Linegar, April Lockhart, Lori Ann Louis, Samantha Lui, Elina Mahmens, Brittany Martin, Marquetta Matthews, Elizabeth A. McDowell, Kali McGlinch, LaToya A. McHenry, Lori-Ann McKenzie-Henry, Janice Taina Mercado Guadalupe, Renee Milline, Loukevia Moore, Amanda Gambrell Morency, Andrea Mozo, Tabitha Mullinax, Stephanie Norgaard, Leah M Ostapchenko, Corinthea Pangelinan, Robert Partello, Melinda Pass, Krishna Patel, Mia Pelletier, Tina Marie Perez, Maurice Carlos Petetson, Ashley Pierce, Ali Pliler-Lopez, Holly Plotts, Janinne E. Price, Sarah Ridings, Maggie Rouse, Tiffany Salazar, Bridget Salopek, Christina Salyers, Sheena Sanders, Lea Santos, Amanda Schram, Brenda Schroeder, Cat Searle, Cheryl Elaine Smith, Kinder Smith, Abby Sondall, Kirsten South, Christine Steele, Abby Stratton, Abby Stratton, Ashley Swenningson, Kyla C. Talley, Margo Tezeno, Shiloh Thomas, Katrina Thomas, Rhianna Thornton, Casey Tisdale, Dillon Townzen, Rachael Treetop, Emma Trolinder, Megan Troyer, Sonja Renee Twiggs, Brittany (Dutton) Wallace, Monique Warren, Beverly Watkins, Jennifer Kay Watts, Natalie Williams, Acacia Wilson, Retrena Younge, Charisse Zapata, Karina Pena, Amber Wright,**

Plaintiff(s)

        vs.                           **MEMBER CASE NUMBER: 1:21-cv-822 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Ana Lynette Gregory Eldridge**

Plaintiff(s)

     vs.                      **MEMBER CASE NUMBER: 1:21-cv-283 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Asyia Andrews**

Plaintiff(s)

     vs.                      **MEMBER CASE NUMBER: 1:21-cv-815 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Emily Orsak, Julie Chatagnier,**

Plaintiff(s)

     vs.                      **MEMBER CASE NUMBER: 1:21-cv-722 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Carrie Ashbourne, Jessica Conner, Brandy Daniels, Diego Galeana, April Gillens, Jandrea Glenn, Elizabeth Hall, Amber Hogan, Savanna Jarrell, Laszlo Kovacs, Cori Lau, Michelle Lyles, Christina Martinson, Chey'na Micciche, Julia Milton, Ashley Morgan, Michael Morrow, Chris Nalley, Gladys Okolo, Jessica Reed, Soraya Santos, Kira Spurgeon, Lidia Tilahun, Jennifer Weiss, Janice Wilson**

Plaintiff(s)

     vs.                      **MEMBER CASE NUMBER: 1:21-cv-887 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Stacia Cullors, L. C., V. C., Anthony Bacani, D. B., E. B., Jennifer Cullors, A. C., J. C., N. C.,**

Plaintiff(s)

        vs.                                     **MEMBER CASE NUMBER: 1:22-cv-677 (DNH/CFH)**

**Beech-Nut Nutrition Company**

Defendant(s)

_____

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Defendant's motion to dismiss is **GRANTED**. The Consolidated Amended Class Action Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly and close the file. **IT IS SO ORDERED**.

All of the above pursuant to the order of the Honorable **David N. Hurd**, dated 1/19/2023.

DATED: January 20, 2023

                                                        Clerk of Court

                                                        s/_____
                                                        **Max A. Prebit,**
                                                        **Deputy Clerk**

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

**(a) Appeal in a Civil Case.**

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.